Brennan, J.,
This is an expedited appeal filed pursuant to Rule 8A of the District/Mun. Cts. RAD.A The facts necessary for an understanding of this matter are as follows:
On or about December 20,1996, Daniel Boone (hereinafter, the plaintiff) was struck by a motor vehicle owned and operated by Stephen M. Bonina and insured by Commerce Insurance Co. (hereinafter, co-defendants). As a result of the accident the plaintiff suffered personal injuries to his head, neck, shoulder and back for which he sought and received medical care and treatment
On or about January 14,1997, plaintiff began treatment with Dr. Lisa B. Wood, a chiropractor. In January 1997, plaintiff filed a claim for Personal Injury Protection benefits. Defendant Commerce paid benefits pursuant to the PIP coverage portion of the motor vehicle policy. The plaintiff continued to treat with Dr. Wood.
On or about April 28,1997, plaintiff submitted to a physical examination at the request of defendant Commerce. The independent medical examination (IME) *119 was performed by Dr. Richard A Alemian, a chiropractor. Thereafter, plaintiff continued to treat with Dr. Wood and his medical hills were paid when submitted.
On or about September 15,1997, at the request of defendant Commerce, plaintiff was examined by Dr. Lawrence T. Shields, an orthopedic surgeon.
After examining the plaintiff, Dr. Shields offered the opinion that the plaintiffs injuries were directly and causally related to the accident hut that the plaintiff had achieved a medical end result and that continued medical treatment was unnecessary. Defendant Commerce relied on Shields’ opinion and terminated P.I.P. benefits on September 17,1997.
Plaintiff however, continued to treat with Dr. Wood until approximately June 22, 1998, incurring additional medical hills in the amount of $4,300.00. Relying on the results of the independent medical examination of September 1997, defendant Commerce refused to pay medical expenses incurred by plaintiff after the date of September 17,1997.
On or about May 19,1997, as a result of the action of the defendant Commerce, plaintiff sent a demand letter pursuant to M.G.Lx. 93A citing as unfair claim settlement practice pursuant to M.G.L.C. 176D as well as a violation of M.G.L.C. 90, §34(m). As reason thereof plaintiff claims that defendant wrongfully relied on the opinion of an orthopedic surgeon regarding a claim for chiropractor care. Plaintiff alleges that Dr. Wood and Dr. Shields are licensed under separate sections of M.G.L.C. 112 and, as such, they are not permitted to review each other’s treatment for purposes of an Independent Medical Examination under M.G.L.C. 90, §34(m).
Massachusetts General Laws c. 90, §34m states in pertinent part
The injured person shall submit to physical examinations by physicians selected by the insurer as often as may be reasonably required and shall do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due. Noncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by tins section ... No insurer shall refuse to pay a hill for medical services submitted by a practitioner registered or licensed under the provisions of chapter one hundred and twelve, if such refusal is based solely on a medical review of the hill or of the medical services underlying the bill, which review was requested or conducted by the insurer, unless the insurer has submitted, for medical review, such bill or claim to at least one practitioner registered or licensed under the same section of chapter one hundred and twelve as the practitioner who submitted the hill for medical services.
Suit was filed in the Worcester Superior Court and on February 19,1999 the case was remanded to the District Court for trial.
On or about May 30, 2000, defendant Commerce Insurance Company filed a motion for partial summary judgment and on July 21, 2000, Defendant’s Motion for Partial Summary Judgment as to Count II and III was allowed. On July 24, 2000, judgment was entered for the defendant Plaintiff had filed a cross-motion for summary judgment which was denied on July 27, 1997. Plaintiff has filed an appeal of the court’s allowance of defendants motion for summary judgment as well as the court’s denial of his motion for summary judgment
The issue before the appellate division is whether the court erred in allowing defendant’s motion for summary judgment and denying plaintiffs motion for summary judgment
The standard for reviewing rulings on motions for summary judgment whether, viewing the evidence in the light most tavorable to the non-moving party, all material facts have been established and that the moving party is entitled to a judgment as a matter of law. In the present case it appears that all material tacts have been established but that *120 the dispute centers upon the trial judge’s interpretation of the law. Simply stated, the issue before this court is whether defendant erred in relying on the opinion of an orthopedic surgeon’s IME and review of the bills and treatment afforded by the chiropractor.
In this case defendant Commerce never asked plaintiff to submit to the Independent Medical Exam by a chiropractor. Further, there is no evidence that defendant Commerce ever had Dr. Wood’s bills reviewed by a chiropractor. Plaintiff relies on M.G.L.C. 90, §34(m), which provides that
No insurer shall refuse to pay a bill for medical services submitted by a practitioner... based solely on a medical review of the bill or of the medical services underlying the bill... unless the insurer has submitted, for medical review, such bill or claim to at least one practitioner registered or licensed under the same section of chapter one hundred and twelve on the practitioner who submitted the bill for medical services.
Here it is clear that defendant Commerce denied payment of Dr. Wood’s bills after having plaintiff examined by an orthopedic surgeon. Plaintiff never underwent an IME by a chiropractor. Therefore, the defendants refusal to pay the chiropractic bill is based on the IME which was conducted by an orthopedic surgeon. Defendant denied payment of Dr. Wood’s bills without requesting to have plaintiff examined by an Independent Medical Examiner from the same discipline; that is, by a chiropractor. Bianchi v. Arbella Mutual Insurance Co., 8 Mass. L. Rptr. No. 5, 114 (April 6, 1998).
Defendant’s failure to pay these bills without Independent Medical Examination by a chiropractor was in violation of M.G.L.C. 176D, §3(a). The finding of the trial judge constitutes prejudicial error.
Judgment shall enter for the plaintiff in the amount of $4,300.00 plus interest and costs.